UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X
                           :

**H.H.C.,**
                           :

                   Petitioner,    :

                           :  **MEMORANDUM DECISION AND ORDER**

        – against –         :

                           :  26-CV-1957 (AMD)

**RAUL MALDONADO JR.,** in his official
capacity as warden of the Metropolitan Detention   :
Center; **KENNETH GENALO,** in his official
capacity as Field Office Director of New York,   :
Immigration and Customs Enforcement**; TODD
LYONS,** in his official capacity as Acting   :
Director U.S. Immigrations and Customs
Enforcement; **MARKWAYNE MULLIN,** in   :
HIS official capacity as Secretary of Homeland
Security; and **TODD BLANCHE,** in his official   :
capacity as Acting Attorney General,
                           :

               Respondents.   :
----------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On February 27, 2026, the petitioner was selling merchandise outside a concert in

Elmont, New York.  (ECF No. 1 ¶ 1; ECF No. 7 at 2.)  The Nassau County Police Department

arrested the petitioner for Trademark Counterfeiting in the Third Degree, in violation of N.Y.

Pen. Law § 165.71 and held him in custody.  (ECF No. 1 ¶ 1; ECF No. 7 at 2.)[1, 2]  The petitioner

was transferred to the custody of U.S. Immigration and Customs Enforcement ("ICE").  (ECF

No. 1 ¶ 1.)  The petitioner is currently detained in the Metropolitan Detention Center ("MDC") in

---

[1] Under Federal Rule of Civil Procedure 25(d), Acting Attorney General Todd Blanche is automatically
substituted in place of his predecessor, Pam Bondi, as the party to the suit.

[2] The Court granted the petitioner's request to proceed anonymously on April 2, 2026.  (ECF Nos. 2, 5.)

Brooklyn, New York.  (*Id.*; ECF No. 7 at 2.)  The petitioner seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241; 28 U.S.C. § 1331; the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202; the All Writs Act, 28 U.S.C. § 1651; and Article I, Section 9, of the Constitution of the United States.  (ECF No. 1 ¶ 7.)  The Court grants the petition, as explained below.

## BACKGROUND[3,4]

The petitioner is a 52-year-old asylum seeker from Colombia.  (*Id.* ¶¶ 1, 11.)  He came to the United States from Colombia in 2023 and encountered U.S. Customs and Border Protection ("CBP") at the southern border near El Paso, Texas on April 15, 2023.  (ECF No. 7 at 1–2; ECF No. 1 ¶ 21.)  CBP issued him a Notice to Appear ("NTA") for removal proceedings and released him on humanitarian parole for one year pursuant to 8 U.S.C. § 1182(d)(5).  (ECF No. 7 at 1–2; ECF No. 1 ¶ 21.)  He filed for asylum in March 2024 based on his fear of returning to Colombia. (ECF No. 1 ¶¶ 20, 22.)

After his release in 2023, the petitioner lived in New Jersey.  (*Id.* ¶ 21.)  On January 3, 2024, the petitioner suffered a workplace injury, "where the tendons in his right arm snapped, limiting his mobility in his right arm to 40%."  (*Id.* ¶ 23.)  He had a "routine" surgery, but suffered "many complications, some of which included hemorrhaging in his abdomen, an aneurysm, vein clogging, and testicle inflammation."  (*Id.*)  Because of these complications, as well as other health conditions, the petitioner has lived in a "specialized medical shelter" in the

---

[3] The Court bases the discussion of the facts, which are undisputed unless otherwise noted, on the parties' submissions, including exhibits.  *See Hyppolite v. Noem*, No. 25-CV-4304, 2025 WL 2829511, at *2 n.1 (E.D.N.Y. Oct. 6, 2025); *Munoz Materano v. Arteta*, No. 25-CV-6137, 2025 WL 2630826, at *1 n.1 (S.D.N.Y. Sept. 12, 2025).

[4] The Court has reviewed all the submissions and finds that the petition "present[s] only issues of law." 28 U.S.C. § 2243.  Accordingly, the Court can decide the petition without a hearing.  *See id.* (directing courts to "determine the facts, and dispose" of habeas petitions expeditiously, "as law and justice require"); *see also Huamani v. Francis*, No. 25-CV-8110, 2025 WL 3079014, at *1 n.1 (S.D.N.Y. Nov. 4, 2025).

Bronx, New York.  (*Id.* ¶¶ 2, 4, 23.)  He takes different medications to treat these serious health conditions.  (*Id.* ¶ 30.)

After ICE took the petitioner into custody on February 28, 2026, he was detained at the Nassau County Correctional Center until March 2, 2026.  (ECF No. 7-1 ¶¶ 5–8.)  The petitioner was transferred to Delaney Hall Detention Facility in Newark, New Jersey, and then to the MDC in Brooklyn.  (*Id.* ¶¶ 9–10.)

On April 2, 2026, his counsel filed an emergency petition for habeas relief.  (ECF No. 1.)  That day, the Court ordered the government to show cause why the petition should not be granted.  (*ECF Order dated Apr. 2, 2026.*)[5]  The government responded to the order to show cause on April 7, 2026.  (ECF No. 7.)

## LEGAL STANDARD

A district court is authorized to grant a writ of habeas corpus under Section 2241 "whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'"  *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)).  "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention."  *Lopez v. Sessions*, No. 18-CV-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Denmore v. Kim*, 538 U.S. 510, 516–17 (2003)).

## DISCUSSION

In seeking a writ of habeas corpus, the petitioner alleges that his detention under 8 U.S.C. § 1225(b)(2)(A) violates the Immigration and Nationality Act ("INA") and violates due process

---

[5] The Court also ordered the government not to remove the petitioner from the United States or transfer him out of the Eastern District of New York during the pendency of these proceedings.  (*See ECF Order dated Apr. 2, 2026.*)

because there has been no individualized review, and because the government has not made a determination that his circumstances have changed since he was released in 2023. (ECF No 1. ¶¶ 52–69.)

The Court finds, for the reasons stated in *Ye v. Maldonado*, No. 25-CV-6417, 2025 WL 3521298 (E.D.N.Y. Dec. 8, 2025), and in Judge Hector Gonzalez's decision in *O.F.B. v. Maldonado*, No. 25-CV-6336, 2025 WL 3277677 (E.D.N.Y. Nov. 25, 2025), that the petitioner, who was paroled into the United States in 2023, is currently being detained pursuant to 8 U.S.C. § 1226 and in violation of his rights to due process under the Fifth Amendment of the Constitution.[6] Furthermore, the Court finds that even if Section 1225 applied to the petitioner's detention, the petitioner was still entitled to due process before the government arrested him and detained him on February 28, 2026. Under either section of the INA, the government has unlawfully detained the petitioner since February 28, 2026 because it denied him due process. The "typical remedy" for "unlawful executive detention" is "of course, release." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The government's ongoing detention of the petitioner, in the face of this complete failure of process, entitles him to immediate release.

Accordingly, the petition for a writ of habeas corpus under 28 U.S.C. §2241 is granted. The government is directed to release the petitioner from custody immediately and within 24 hours of this Order. The government is further directed to return to the petitioner any and all funds or property seized from the petitioner at the time of arrest — including his medication. The government is directed to certify compliance with the Court's Order by filing a letter on the

---

[6] Although the government disagrees with the Court's decision in *Ye*, it does not dispute that *Ye* "would control the result in this case . . . because, as in that case, ICE's detention of the Petitioner in this case is based on ICE's position as to the scope of 8 U.S.C. § 1225(b)(2)(A), and the Court rejected that position in *Ye*." (ECF No. 7 at 5.)

docket no later than 12:00 p.m. on April 9, 2026.  The Court further orders that the petitioner must not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a).  The deadline for the petitioner to apply for an award of reasonable fees and costs pursuant to the Equal Access to Justice Act is May 8, 2026.

## CONCLUSION

For these reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241, ECF No. 1, is granted.  The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close the case.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
April 8, 2026